UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

UNITED STATES OF AMERICA,

v.

MICHAEL ANGEL SANCHEZ        CASE NO. SA-24-CR-00306-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Michael Angel Sanchez's motion, pursuant to Federal Rule of Criminal Procedure 12, to dismiss counts two and three of the Indictment, charging Defendant with violating 18 U.S.C. § 922(g)(1). ECF No. 30. Defendant argues the Court should dismiss the charges because they are unconstitutional, both facially and as applied to him, under the Second Amendment standard articulated by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *Id*. After considering the Government's response (ECF No. 35) and Fifth Circuit precedent, the Court **DENIES** Defendant's motion.

### BACKGROUND

On May 28, 2024, a Drug Enforcement Administration ("DEA") Special Agent obtained a federal search warrant to search Defendant's residence in San Antonio, Texas. ECF 35 at 4. Law enforcement officers executed the search warrant and found a Sig Sauer, Mosquito, .22-caliber handgun in the master bedroom. *Id*. at 5. The weapon was loaded with a round in the chamber. *Id*.

On June 26, 2024, the grand jury issued an indictment against Defendant, charging him with violating the felon in possession statute, 18 U.S.C. § 922(g)(1). ECF No. 13. Defendant has two prior felony convictions: (1) a 2011 Hobbs Act robbery conviction; and (2) a 2011 Texas state aggravated robbery conviction.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12 provides "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(1). If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *see* Fed. R. Crim. P. 12(d) (permitting the court to rule on a motion involving factual issues provided the court states its essential findings on the record); *see also*, *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."). Otherwise, the court would waste resources by allowing a case to proceed to trial and later dismissing it based on the same legal argument and facts presented through a pretrial motion. *See Flores*, 404 F.3d at 325.

## ANALYSIS

### I. Defendant's Challenges to 18 U.S.C. § 922(g)(1)

#### A. As Applied Challenge

The Fifth Circuit's opinion in *United States v. Diaz* is directly on point and supports denial of Defendant's as-applied challenge to § 922(g)(1). 116 F. 4th 458 (5th Cir. 2024). Here, like *Diaz*, the plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1). *Id*. at 467. Therefore, the burden shifts to the government to "demonstrate that regulating [Defendant's] possession of the firearm is consistent with the Nation's historical tradition of firearm regulation." *Id*. To meet its burden, "the government must identify a well-established and representative historical analogue, not a historical twin." *Id*. "Evidence must be relevantly similar to the challenged law." *Id*.

Defendant's as-applied challenge is foreclosed by *Diaz*. In *United States v. Arredondo*, the Fifth Circuit reemphasized "[i]n a published opinion, our court recently held that *Diaz* also forecloses an as-applied challenge to § 922(g)(1) when the defendant's predicate felonies were, *inter alia*, robbery and burglary." No. 24-50386, slip op. at 2 (5th Cir. Apr. 30, 2025) (per curiam) (unpublished) (citing *United States v. Schnur*, 132 F.4th 863, 870–71 (5th Cir. 2025)); *see also United States v. Collette*, No. 22-51062, 2024 WL 4457462, at *2 (5th Cir. Oct. 10, 2024) (per curiam) (unpublished) (applying *Diaz* to foreclose as-applied challenge where defendant's predicate felony was theft); *United States v. Charles*, No. 23-50131, 2025 WL 416092, at *1 (5th Cir. Feb. 6, 2025) (per curiam) (unpublished) (same). This Court is bound by Fifth Circuit precedent and finds *Diaz* dispositive of Defendant's motion.

### Facial Challenge

Defendant also brings a facial challenge to § 922(g)(1). As the *Diaz* Court also recognized, in a facial challenge, "the challenger must establish that no set of circumstances exists under which the statute would be valid." *Diaz*, 116 F.4th at 471-472 citing *United States v. Salerno*, 481 U.S. 739, 745 (1987). Because § 922(g)(1) is constitutional as applied to the facts of his own case, Sanchez's facial challenge fails. *Id*. citing *United States v. Rahimi*, 602 U.S. 693 (2024).

### CONCLUSION

Based on binding Fifth Circuit precedent, the Court finds § 922(g)(1) is constitutional under the Second Amendment, under the standard articulated in the Supreme Court's *Bruen* decision, both facially and as applied to Defendant.

It is so ORDERED.
SIGNED this 1st day of May, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE